IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS A. MODI, M.D. | ) |
| | ) |
|     Plaintiff | ) |
| | )CIVIL ACTION |
| v. | ) |
| | )FILE NO. 1:09-CV-0550-CAP |
| PROVIDENT LIFE AND | ) |
| ACCIDENT  INSURANCE COMPANY | ) |
| | ) |
| | ) |
|     Defendant | ) |

### Plaintiff's Motion to Exclude Defendant's Late Disclosed Experts

COMES NOW Plaintiff, Thomas A. Modi. M.D. (Dr. Modi) and files this Motion to Exclude Defendant's Late Disclosed Experts under Rule 37 of the Federal Rules of Civil Procedure, showing the Court the following:

### Brief Description of the Issues:

Local Rule 26.2 requires parties to disclose testifying experts sufficiently early in discovery to allow the opposing party to conduct the expert's deposition, name its own expert, and allow the second expert to be deposed before the conclusion of discovery.  As set forth below, Defendant has just recently violated this rule by identifying two new experts. Defendant's non-compliance is neither justified nor harmless.

This lawsuit has now been pending for over one year.  The second extension of discovery ended on December 31, 2009. On December 21, 2009, the parties jointly moved for a third extension of discovery solely for the purpose of tying up *two* loose ends - the conclusion of a deposition which had already begun at an earlier date (Plaintiff's expert, Dr. Heller), and the resolution of Defendant's now pending Motions to Compel. Defendant did not advise Plaintiff or the Court that it intended to use this extension to identify new experts beyond the scope of the extension.  The Court's Order specifies that discovery is set to expire "immediately" if the Court declines to order the discovery sought in Defendant's Motions to Compel.

Defendant's recent identification of two new experts within the last two weeks is inconsistent with the bases on which it sought the third extension of discovery, and has been made far too late for the parties to be able to complete all the activities anticipated in Local Rule 26.2 before the end of discovery.  Plaintiff therefore asks this Court to preclude Defendant's belatedly identified experts from testifying so that the case may timely proceed to dispositive motions and/or trial.  Plaintiff also seeks this discovery ruling so that he may avoid the expense and delay associated with

conducting depositions of the belatedly disclosed experts, and so that he may avoid having to belatedly retain his own opposing expert in "biomechanics."

**Statement of Facts:**

In the context of this discovery dispute, it is important to keep in mind that this is basically a "one issue" case. Plaintiff filed a declaratory judgment action solely to determine whether his current Disability is due to Sickness or Injury.[1] Thus, the lawsuit basically seeks a judicial determination of the medical cause of Plaintiff's disability. Despite this being a single issue case, Defendant's very recent disclosure of two new medical experts, if allowed, would likely to cause the duration of discovery to last several months in excess of one year.

This action was initiated over one year ago, on January 23, 2009 in the Superior Court of Fulton County. (Doc 1.) According to this Court's original Scheduling Order (Doc. 6, April 1, 2009), the discovery period was initially scheduled to end on July 31, 2009. Upon the joint motion of the parties (Doc. 27), the Court extended the discovery period first through September 30, 2009 (Doc. 29), and a second time through December 31, 2009 (Doc. 30). The schedules of the attorneys and various out-of-state

---

[1] Provident is currently paying benefits without reservation of rights. Thus, whether Dr. Modi is disabled is an issue in this case.

witnesses resulted in substantially all the depositions in the case taking place during the second discovery extension.  (Affidavit of Jeffrey S. Warncke, Exhibit 1, at p.1).

By December 31, 2009, when the second discovery extension was set to expire, discovery was basically winding down. The key deposition for offering factual assumptions to experts, that of Dr. Modi himself, was completed on November 19, 2009. (Exhibit 1, at p. 3).  Two fact witness had been deposed, Mr. Richard Miranda and Dr. Lance Perling.  *Id.*  Dr. Modi had deposed the two expert witnesses disclosed by Provident, Dr. Hugh Brown (in Massachusetts) and Dr. Joel Saks (in Tennessee), both orthopedic surgeons testifying on the issue of medical causation.[2]  *Id.*  Plaintiff had also completed a Rule 30(b)(6) deposition of Provident itself (also in Massachusetts).  *Id.*  Provident had concluded the deposition of one of Plaintiff's two experts on medical causation, Dr. Christopher Tomaras,

---

[2]  *See* page 16 of the excerpt of deposition of Hugh Brown, M.D. (attached as Exhibit 6), where Dr. Brown confirms that the "fundamental question" he has been asked to review is the "etiology," or cause, of Dr. Modi's deposition.  *See also* page 28 from the deposition of Defendant's expert, Dr. Saks (attached as Exhibit 7), where he confirms that he was asked to "render a medical opinion on the etiology or cause of Dr. Modi's disability."

M.D., and had begun, but not concluded, that of the other, Dr. John Heller, M.D.[3]  *Id.*

Thus, only two issues prevented the conclusion of discovery on December 31, 2009: (1) the re-convening of Dr. Heller's deposition; and (2) the resolution of two pending discovery motions, namely Plaintiff's Motion to Quash Subpoena (Doc 44, 45, 46) and Provident's Motion to Compel (Doc. 49).[4]  *Id.*

In a telephone conversation on or about December 10, 2009, Provident's counsel, Sanders Carter, proposed a further extension of discovery to allow for the possibility that the Court might grant additional discovery under Defendant's pending Motion to Compel, and to allow Dr. Heller's deposition to conclude. *Id*, at p. 4. These were the sole expressed bases for requesting Plaintiff's agreement to another extension.  *Id.*

Provident thus proposed an agreement to extend discovery thirty days past the Court's ruling on the pending discovery motions.  *Id.*  At no time

_____

[3] Dr. Heller's deposition had begun on December 11, 2009, subject to completion at a later date.  *Id.*  As of December 21, 2009, the parties were working together to schedule the completion of Dr. Heller's deposition.  *Id.*

[4]  The discovery motions address essentially the same core issue: whether in the context of a declaratory judgment action limited to the cause of an August, 2007, disability Defendant should be able discover Plaintiff's current activities, notwithstanding the absence of any dispute over Dr. Modi's disability.  *Id.* As of this writing, those issues have been fully briefed and have been submitted to the Court for consideration.

did Provident mention that it was even considering using the proposed third extension of discovery to identify new experts. *Id*, at p. 5. Indeed, if Defendant had disclosed such a desire or intention, Dr. Modi would have strenuously objected on the basis of the substantial, unjustified delay that would created by Defendant's disclosure of experts *after* the expiration of the second discovery extension. *Id.*

By e-mail dated December 16, 2009, Dr. Modi's counsel made clear that the sole purposes of any further extension of discovery were to tie up the loose ends - completing the deposition of Dr. Heller and allowing Provident to conduct additional discovery on the topics covered by its Motions to Compel, **if** ordered by this Court. Dr. Modi's counsel wrote:

> By the way, I spoke to [plaintiff's co-counsel] Jeff Diamond, and we agree that an extension of discovery seems pretty inevitable in light of Heller's incomplete deposition and the pending discovery motions.
>
> Sanders [Carter, counsel for Provident] suggested an open ended extension of 30 days past the Court's ruling on the motion to quash and upcoming motion to compel. I suggest the following slightly revised solution: Let's agree to 30 days past the court's ruling if the judge orders any additional discovery in response to our motions. *If he does not, **then there will be nothing left to do**, and discovery should expire as of the date of the court's order. In other words, if the court does not compel any additional discovery, then the additional 30 days would simply reflect an unnecessary delay in the resolution of the case.*

(Exhibit 2, emphasis supplied).

This e-mail confirms that Dr. Modi was already concerned about delaying progress of the case any more than absolutely necessary.

If as of December 16, 2009 Provident anticipated identifying additional experts, it is reasonable to expect that it would have corrected the mis-impression of Dr. Modi's counsel that there was "nothing left to do" in discovery, other than the two specified actions. (Exhibit 2). Instead, Provident's counsel replied on December 21, 2009, offering a proposed joint motion, the terms of "*which we believe are consistent with the proposal in your email [of December 16, 2009]*." (Exhibit 3).

Unbeknownst to Plaintiff at the time, Defendant had <u>already</u> commissioned a report from a third orthopedic surgeon intending to opine for Defendant on the issue of medical causation, Dr. Lee Kelley. (Doc. 62). Dr. Kelley's report was completed on December 17, 2009, four days before Defendant presented to Dr. Modi the draft joint motion to extend discovery. Thus, Provident represented the purposes behind seeking Plaintiff's agreement to a third extension as being quite limited, but made no mention that it intended to use the additional discovery extension to identify new experts so "late in the game." *Id.*

Based on this disparity in information, on December 21, 2009, the parties moved jointly for a third extension of discovery, reciting as the basis

for the motion the need to complete Dr. Heller's deposition (Doc. 51, at para. 4) and the need for resolution of the two pending discovery related motions (Doc. 51,at para. 5).  On December 28, 2009, this Court granted the Motion to Extend Discovery "until the Court rules on the pending discovery motions, and additionally for 30 days after the Court rules on the motions if the Court orders additional discovery to be allowed."  (Doc. 53).

On its face, then, the sequence of written communications between counsel appears to reflect an agreement between the parties that discovery should close, except for concluding Dr. Heller's deposition and the winding up of the Motions to Compel.  (Exhibit 1, at p. 7).

The parties mutually cooperated and concluded Dr. Heller's deposition on the evening of January 26, 2010. *Id*.   Once Dr. Heller's deposition concluded, Plaintiff reasonably expected, as he had been led to believe, that the only potentially remaining discovery related to the already pending discovery motions, and only if the Court ordered same.  *Id.*

Plaintiff was caught completely by surprise when on January 27, 2010, the very morning after Dr. Heller's deposition concluded, Defendant identified Dr. Lee Kelley as its <u>third</u> orthopedic surgeon intending to opine on the issue of medical causation. (Doc. 62; Exh. 1, at p. 8)).  Interestingly, even though Dr. Kelley's expert report had been completed and signed more

than forty days earlier, Defendant waited until the day after Dr. Heller's deposition was concluded to disclose Dr. Kelley to plaintiff.  (Doc 62). Plaintiff immediately began attempting to schedule Dr. Kelley's deposition. (Exhibit 4).  The first date on which he has been made available is March 1, 2010.  (Exhibit 5).

On February 4, 2010, Defendant disclosed yet another new expert, Dr. Peter Cripton, an engineer from the Province of British Columbia, Canada. (Doc. 65).  Defendant offers Dr. Cripton to testify about the biomechanical forces involved in the final disabling incident which Dr. Modi described in his claim for lifetime disability benefits. (See Dr. Cripton's report, Exhibit A to Doc. 65).  By plaintiff's estimate, it is likely to take no less than three to four months, and possibly longer, to prepare for and take Dr. Cripton's deposition where he resides in Vancouver Canada, and then to decide whether retain an opposing biomechanics expert, then locate, retain and prepare the expert, and then allow him to be deposed.

If defendant had disclosed at the time it sought plaintiff's agreement to the third discovery extension that it intended to use that extension to disclose two new experts over a year after the Complaint was filed, Plaintiff would have strenuously objected, as does now.  (Exh. 1, at p. 9).  The basis for Plaintiff's objection would have been, and now is, that Defendant's

disclosure of experts so late in the discovery process, and over a year after the Complaint was filed, will substantially and unnecessarily delay the progress of the case toward dispositive motions and/or trial.

### Argument and Citation of Authority.

A party which waits until the eleventh hour of discovery to disclose its experts does so at its peril.  Local Rule 26.2(c)  provides deadlines for the identification of experts, and provides for an exclusionary remedy where a party fails to comply. The Local Rule states:

> **Expert Witnesses**. Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery *so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery*.
>
> Any party who does not comply with the provisions of the foregoing paragraph *shall not be permitted* to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.
>
> (Local Rule 26.2(c))(emphasis supplied).

This Local Rule is merely an application of Rule 26(a)(2) of the Federal Rules of Civil Procedure, requiring a party to disclose the identity of any expert witness it may use at trial to present evidence.  *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1360-361 (11th Cir. 2008).

Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with expert disclosure requirements "*unless the failure is substantially justified or is harmless.*" *Id,* at 1363.

The Eleventh Circuit has upheld a trial court's authority to exclude a party's expert from testifying where the party fails to timely comply with expert disclosure requirements.   In *Reese v. Herbert*, 527 F.3d 1253, 1264-265 (11th Cir. 2008), the Eleventh Circuit upheld the trial court's decision to exclude the plaintiff's expert where the plaintiff verbally informed defendant twelve days before the close of discovery that the expert had been retained, but did not submit the expert's affidavit until nearly seven weeks after the expiration of the discovery period, in opposition to the defendants' summary judgment motions. While the facts of *Reese* are not present here, the Court's rationale is nevertheless instructive.

The *Reese* Court emphasized the mandatory nature of the deadlines in Local Rule 26.2, requiring disclosure of experts early enough to allow discovery from the expert, retention of an opposing expert, and discovery from the second expert before the close of discovery.  Reese argued that his delay in disclosing an expert was justified because the expert needed to review certain depositions, the transcripts of which were not available until 8

days before the close of discovery. *Id*, at 1266.   The Eleventh Circuit rejected this excuse, noting that parties can furnish factual assumptions to their experts in order to allow timely disclosure, and if those assumptions subsequently turn out to be erroneous, can provide a supplemental report at a later time.   *Id.* As the *Reese* Court stated, "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Id.*

The principles described in *Reese* also apply here. Defendant could have easily furnished facts to any experts sufficiently early to make disclosure early enough to allow the parties conclude all the acts contemplated under Local Rule 26.2 within the second discovery extension. From the very beginning, Defendant had access to fairly detailed factual assumptions about how Plaintiff claimed to become disabled from the 1,363 page claim file Provident compiled prior to the institution of this lawsuit. Among other things, the claim file includes Dr. Modi contentions as to how his disability arose, along with voluminous medical records dating back to 1992. Additional facts could have been provided from medical records received and shared in discovery during the first discovery extension (i.e, in the summer of 2009). (Exhibit 1, at p. 2).

Thus, as of December 31, 2009, when the second discovery extension was set to expire, the parties had access to more than sufficient facts to retain and prepare experts, and had already been afforded nine months of cumulative discovery within which to identify experts.  As the *Reese* court noted, if Provident made timely disclosure of its experts but discovery later revealed the facts to be different than previously assumed, Provident could have simply supplemented its disclosures.  Any argument Provident might make that it was prevented from timely disclosing its medical causation experts is belied by the fact that it did in fact identify two such experts at the start of the case, in its Rule 26 disclosures.  Moreover, it is apparent that discovery did <u>not</u> reveal any facts substantially different from what Provident expected, as neither of its experts has made any supplemental disclosure at this point. Thus, Provident's delay in disclosing its recently identified experts is not "substantially justified" within the meaning of Rule 37.

The Eleventh Circuit decision in *Fitel,* 549 F.3d 1344(11th Cir. 2008), is also instructive here.  In *Fitel,* the Eleventh Circuit reviewed the trial court's decision to preclude the plaintiff's expert from testifying because of plaintiff's failure to make timely expert disclosures as required by FRCP 26 and Local Rule 26.2(c).  Although Fitel had attached its expert's affidavit to

its complaint, it did not make formal expert disclosures by the time discovery closed.   The Court noted that the information required under expert disclosure rules (e.g., the report, prior testimony, a curriculum vitae, etc) "is required . . .precisely because it is important information necessary to attorneys in preparation for deposing the expert." *Fitel,* 549 F.3d at 1362. The trial court found Fitel's formal disclosure of the expert three days after the expiration of discovery to be "willful," and excluded the expert's testimony under Rule 37.

The Eleventh Circuit, upon reviewing the trial court's decision to exclude the plaintiff's expert, noted that Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure provides that, absent a stipulation or court order, the expert report must be disclosed at least 90 days before the trial date or the date the case is to be ready for trial. *Id,* at 1361.  Because no trial date had been set (which is also true in the instant case) the Court focused more on the requirements of Local Rule 26.2.  This Court should similarly focus on Rule 26.2 in determining whether to exclude Defendant's latest experts, Drs. Kelley and Cripton.

Like the Plaintiff in *Reese,* Fitel argued that it could not have identified its expert earlier because the expert needed information obtained throughout discovery in order to produce a "meaningful expert report."  *Id*,

at 1363.  The Eleventh Circuit concluded that this fact, even if true, did not

"negate the fact that the timing requirement in the rules was violated."  *Id.*

The *Fitel* Court ultimately reversed the trial court's decision to

exclude Fitel's expert, finding the delay "substantially justified" under Rule

37(c)(1).  The Court cited five factors affecting its decision.  Of these

factors, none appear here except for the fact that a trial date has not been set:

- First, Fitel's conduct was "substantially justified" because it had at
  least provided "some" information about its expert during discovery.
  An affidavit containing some opinions was attached to the Complaint,
  and his identity was confirmed in post-removal disclosures. *Id*, at
  1363.  Here, unlike the facts of *Fitel*, Defendant did not provide any
  advance notice of its intention to identify Dr. Kelley or Dr. Cripton.
  At the time they were disclosed, the existing discovery order specified
  that discovery could expire immediately, and without warning.

- Second, the parties in *Fitel* had specifically agreed to allow certain
  factual discovery to be completed before the plaintiff's expert would
  fully comply with disclosure requirements. *Id*, at 1363-64.  There has
  been no such agreement here.

- Third, the defendant in Fitel had asked the Court for an extension of
  discovery precisely because it *expected* Fitel to disclose its expert

later.  *Id.* The inference seems to that the defendant, who later

objected to late expert disclosure, had no reason to claim surprise or

harm.   Here, Dr. has not sought a discovery extension to allow

discovery of Defendant's experts. To the contrary, Dr. Modi had no

idea these experts were being contemplated.  In fact, he thought he

had already concluded all depositions of Provident's experts during

the second extension of discovery, and his agreement to the recent

third discovery extension was obtained for far more limited purposes.

• Fourth (and most importantly in the *Fitel* Court's opinion) no trial

date had been set.  *Id.*  While that is also true here, it is equally true

that under the Court's current discovery order, discovery could close

any day without warning, placing Dr. Modi under a short deadline to

prepare for dispositive motions.  Dr. Modi cannot adequately respond

to or prepare for such a motion without undertaking the work

anticipated under Local Rule 26.2 as to both of Provident's newly

identified experts.  Therefore, what may have been "harmless" delay

in *Fitel*  here places Dr. Modi in an untenable predicament.

• Lastly, the *Fitel* Court recognized that the plaintiff could not have

known all the facts to be given to its expert, thus it was reasonable to

conduct other factual discovery before formally preparing a report and

identifying him.  *Id.* Here, as noted above, Provident has long had access to sufficient facts to make timely disclosure of its experts. It has in fact identified two experts. Thus unlike *Fitel*, disclosure of experts at the very end of discover was neither anticipated nor necessary.

Whereas the *Fitel* Court found that plaintiff's violation of the deadlines of Local Rule 26.2 was "substantially justified," the facts which distinguish the instant case from *Fitel* also prove that Provident's violations of the Rule are neither justified nor harmless.

Defendant will doubtlessly point out that, unlike *Fitel* and *Reese,* it has at least disclosed its experts before discovery closed.  However Local Rule 26.2 does not merely require disclosure before discovery closes.  It requires disclosure sufficiently early to allow for the expert's deposition, for an opposing expert to be retained, prepared and disclosed, and for second expert to be deposed - ***all*** *of which must occur before the close of discovery.*

Moreover, discovery is not currently "open" for the stated purpose of allowing new expert disclosures - Defendant did <u>not</u> advise Dr. Modi, or, for that matter, the Court, that it intended to use the third extension of discovery in order to identify additional experts.  To the contrary, the chain of communications between counsel (Exhibits 2 and 3) leading up to the third

Joint Motion to Extend Discovery and the motion itself (Doc 51) proves that the parties intended for discovery to be winding down, rather than heating up for *several more months*' activity.

The fact that Defendant withheld from plaintiff and the Court its intention to identify new experts makes this a very different case from *Fitel*. The *Fitel* opinion emphasizes that Fitel had been extremely forthcoming about its intentions about its expert at every step of the case, and even had a specific agreement with opposing counsel as to the timing of expert disclosures. Whereas Fitel's conduct was reasonable and "justified," Provident's conduct is unjustified, and in the case of Dr. Kelley, arguably "willful."   Dr. Kelley's report was completed on December 17, 2009, but Defendant did not produce it for over forty days.  The fact that Provident produced it the day after it concluded the deposition of Dr. Heller may or may not be coincidental.

Defendant's surprise late disclosure of Dr. Kelley and Dr. Cripton is also not "harmless." FRCP 37(c). It places Dr. Modi in an untenable position with respect to the impending close of discovery and the deadline for dispositive motions which will follow.  The Court's now-governing order on the third extension of discovery specifies that discovery is only to remain open "until the Court rules on the pending discovery motions, and

additionally for 30 days after the Court rules on the motions **if** the Court orders additional discovery to be allowed." (Doc. 53). Thus, if the Court declines to compel additional discovery on Defendant's two motions, discovery will close immediately, without warning, and dispositive motion would be due in twenty-one days.

It seems certain that discovery will expire before all the actions in Rule 26.2 can be completed.[5] If this occurs as expected, then Defendant's late disclosure of Dr. Kelley and Dr. Cripton places Dr. Modi in an unacceptable predicament: (1) going forward with dispositive motions without fully being able to respond to Dr. Kelley and Dr. Cripton; or (2) simply agreeing under duress to yet another delay of several months in the resolution of the case.

Nothing outside Defendant's control prevented it from locating and disclosing experts in the field of orthopedics and/or biomechanics well within the time frames contemplated by Local Rule 26.2. It was unnecessary and unjustified to wait until December 17, 2009 to obtain yet a *third* orthopedist's opinion on medical causation, cumulative though it may be,

---

[5] Plaintiff cannot possibly prepare for and then depose Dr. Kelley and Dr. Cripton, and then locate, prepare identify and allow to be deposed a competing expert in biomechanics in anything less than three to four months.

and then to wait another forty days after obtaining his report to actually identify him.

Likewise, nothing prevented Defendant from obtaining an expert in biomechanics well within either the original discovery period or the first two discovery extensions, all of which totaled approximately nine months. Especially in a single issue lawsuit, nine months should have been more than adequate time for the parties to retain and disclose experts. Dr. Modi has every reason to seek to avoid the delay and expense associated with now having to depose Dr. Cripton and then belatedly having retain his own opposing expert.[6]

As the Eleventh Circuit noted in *Fitel* and *Reese*, the expert disclosure requirements of Local Rule 26.2 "are not merely aspirational." Any party who does not comply with the timing of disclosure requirements "*shall not be permitted* to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified." Local Rule 26.2(c). Plaintiff respectfully submits

---

[6] Aside from the inherent delay, the expense to Dr. Modi associated with these tasks is likely to be quite substantial. Dr. Cripton is located on the distant side of Canada, in Vancouver, British Columbia. We also note that biomechanics experts apparently do not come cheap, as Provident has thus far paid Dr. Cripton $20,000.00 for his review and report. (Doc. 65, at p. 3).

that Defendant's violations of the disclosure rules more than justify an order precluding Dr. Kelley and Dr. Cripton from testifying.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order under Rule 37 precluding Defendant from offering the testimony of Dr. Lee Kelley and Dr. Peter Cripton.

Respectfully submitted this __9th__ day of _February_, 2010

*/s Jeffrey S. Warncke*
Jeffrey S. Warncke, Esq.
Georgia State Bar No. 737850
Attorney for Plaintiff

One Securities Centre, Suite 1200
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 841-9400
jswarncke@desw.com

*/s Jeffrey D. Diamond*
Jeffrey D. Diamond, Esq.
Georgia State Bar No. 599994
Attorney for Plaintiff

Law Offices of Jeffrey D. Diamond
115 Perimeter Center Place
South Terraces, Suite 425
Atlanta, Georgia 30346
Co-counsel for Plaintiff Thomas A. Modi, M.D.
jdiamond@diamlaw.com

## <u>CERTIFICATE OF SERVICE</u>

COMES NOW, Plaintiff Thomas A. Modi, M.D., and hereby electronically files the following pleadings: ***Plaintiff's Motion to Exclude Defendant's Late Disclosed Experts***. The undersigned counsel for Plaintiff certifies that the above pleadings were electronically served on**:**

H. Sanders Carter, Esq.
Aaron E. Pohlman, Esq.
Smith, Moore, Leatherwood, LLP
2300 Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
Attorney for Defendant Provident Life
Insurance Company

Jeffrey D. Diamond, Esq.
Law Offices of Jeffrey D. Diamond
115 Perimeter Center Place
South Terraces, Suite 425
Atlanta, Georgia 30346
Co-counsel for Plaintiff Thomas A. Modi, M.D.

This the 9th day of February, 2010.

s/ *Jeffrey S. Warncke*
JEFFREY S. WARNCKE
Georgia Bar Number: 737850
Co-counsel for Plaintiff

DIETRICK, EVANS, SCHOLZ & WILLIAMS
1200 ONE SECURITIES CENTRE
3490 PIEDMONT ROAD, N.E.
ATLANTA, GEORGIA  30305
(404) 841-9400;869-0238
jswarncke@desw.com