```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

| | |
|---|---|
| THOMAS A. MODI, M.D., | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:09-CV-550-CAP |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | |
| Defendant. | |

**O R D E R**

This matter is before the court on the plaintiff's motion to exclude the defendant's late disclosed experts [Doc. No. 67], the defendant's motion to file a late sur-reply brief [Doc. No. 75], and the defendant's motion for extension of time to complete discovery [Doc. No. 76]. As an initial matter, the defendant's motion to file a late sur-reply brief [Doc. No. 75] is GRANTED. The court considered this brief in ruling on the plaintiff's motion to exclude the defendant's late disclosed experts [Doc. No. 67].

This is an action for a declaratory judgment under a policy of disability insurance issued to the plaintiff by the defendant; the plaintiff seeks to clarify his rights to future benefits under this policy. Dr. Modi was an obstetrician/gynecologist until he became disabled in August 2007 [Doc. No. 47, pages 1-2]. On November 17, 2007, the defendant accepted the plaintiff's claim, and since then, the company has paid monthly benefits based on its determination

that the plaintiff's disability was due to "sickness or disease" [Doc. No. 49, ¶ 4].  Under the terms of the policy, if the plaintiff remains totally disabled due to "sickness or disease," the defendant's obligation will be to pay benefits for a maximum of forty-eight months [Doc. No. 49, ¶ 5].  However, the plaintiff seeks a declaration that he is totally disabled due to "accidental bodily injuries," in which case he would be eligible for lifetime benefits [Doc. No. 49, ¶ 6].

On December 22, 2009, this court granted a joint motion for extension of time to complete discovery [Doc. No. 53], stating that discovery was extended until the court ruled on discovery motions that were pending at that time, or for an additional thirty days if the court ordered additional discovery after ruling on these motions.

I.   Plaintiff's Motion to Exclude [Doc. No. 67]

The defendant filed Rule 26(a)(2)(B) disclosures of Dr. Lee Kelley and Dr. Peter Cripton on January 27 and February 4, 2010, respectively.  Kelley is an orthopaedic surgeon who would present evidence on medical causation; Cripton is a biomechanics expert who would testify regarding the biomechanical forces involved in the incident that the plaintiff describes as his final disabling incident in his claim for lifetime disability benefits.  The plaintiff has moved to exclude the defendant's late disclosed

experts under Federal Rule of Civil Procedure 37 and Local Rule 26.2 [Doc. No. 67].

Under Rule 37, a district court has authority to exclude an expert's testimony where a party has failed to comply with expert disclosure requirements "unless the failure is substantially justified or is harmless." OFC Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008). Local Rule 26.2(c) provides deadlines for the identification of experts and provides for a similar exclusionary remedy when a party fails to comply with the disclosure requirements. Local Rule 26.2(c) states:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

A party who does not comply with these disclosure provisions is not permitted to offer the expert's testimony, "unless expressly authorized by court order based upon a showing that the failure to comply was justified." Local Rule 26.2(c).

The court notes that the defendant disclosed Kelley and Cripton during the discovery period. Although this is a close

situation given the late stage of discovery at which the disclosure was made, the court finds that the defendant's failure to comply with the disclosure requirements was justified.  As such, the plaintiff's motion to exclude [Doc. No. 67] is DENIED.  Discovery will be extended for sixty days to allow the plaintiff to depose Kelley and Cripton and to obtain a rebuttal expert if necessary.

**II.  Defendant's Motion to Extend Discovery [Doc. No. 76]**

The defendant requests an extension of the discovery period of sixty days to allow for the plaintiff's deposition of Kelley and Cripton, as well as for the defendant's deposition of Dr. Michael Hatrack, a chiropractor who was not disclosed by the plaintiff until December 21, 2009.  The defendant's motion to extend discovery [Doc. No. 76] is GRANTED.

**III. Conclusion**

For the reasons set forth above, the defendant's motion to file a late sur-reply brief [Doc. No. 75] is GRANTED.  The plaintiff's motion to exclude [Doc. No. 67] is DENIED.  The defendant's motion to extend discovery [Doc. No. 76] is GRANTED.  Discovery is extended for an additional sixty days from the date of this order.

SO ORDERED, this <u>7th</u> day of April, 2010.

<u>/s/Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge
